HARDY R. MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
QUYNH VI STEPHANIE LE, CA Bar No. 324788
stephanie.le@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
PCL CONSTRUCTION, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY SOZA, <br><br> Plaintiff, <br><br> v. <br><br> PCL CONSTRUCTION, INC., a Colorado Corporation; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No. 8:24-cv-1827 <br><br> **DEFENDANT PCL CONSTRUCTION, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** <br><br> *[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Shawn Britton and Quynh Vi Stephanie Le in Support of Removal]* <br><br> Complaint Filed: July 16, 2024 <br> Trial Date: None <br> District Judge: TBD <br> Magistrate Judge: TBD |

DEFENDANT PCL CONSTRUCTION, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

63633580.v1-Ogletree

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant PCL Construction, Inc. ("Defendant" or "PCL Construction"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(b), and 1446, on the grounds that complete diversity of citizenship exists between plaintiff Harley Soza ("Plaintiff"), a California citizen, and PCL Construction, a Colorado and Utah citizen, and the amount of controversy exceeds the jurisdictional minimum of $75,000.  The foregoing facts were true at the time Plaintiff filed the civil complaint in this matter and true as of the date that PCL Construction files this Notice of Removal ("Notice"), as more fully set forth below.

## I.   TIMELINESS OF REMOVAL

1.   On July 16, 2024, Plaintiff filed a civil complaint against PCL Construction in Orange County Superior Court entitled, "*Harley Soza, Plaintiff v. PCL Construction, Inc., a Colorado Corporation; and DOES 1 through 100, inclusive, Defendants*", case number 30-2024-01413083-CU-WT-CJC (hereinafter, the "State Action").  The complaint asserts causes of action for: (1) violation of California Labor Code sections 6310 and 6400; (2) retaliation in violation of California Labor Code section 1102.5; and (3) wrongful termination in violation of public policy.  A true and correct copy of the summons and complaint are attached to this Notice as "**Exhibit 1**"; *see also* Declaration of Quynh Vi Stephanie Le ("Le Decl.") filed concurrently with this Notice, ¶ 2 and Exh. 1.

2.   On July 22, 2024, Plaintiff served PCL Construction's agent of service of process with a copy of the complaint.  A true and correct copy of the service of process transmittal summary, civil summons, complaint, civil case cover sheet, notice of hearing of case management conference, and alternative dispute resolution

information package are attached to this Notice as "**Exhibit 2**"; *see also* Le Decl., ¶ 3 and Exh. 2.

3. On August 19, 2024, PCL Construction filed a general denial answer in Orange County Superior Court. A true and correct copy of PCL Construction's filed Answer is attached to this Notice as "**Exhibit 3**"; see also Le Decl., ¶ 4 and Exh. 3.

4. Exhibits 1 through 3 to this Notice constitute all pleadings, process, and orders served in the State Court Action at the time of this removal.

5. This Notice is timely filed in that August 21, 2024 is the thirtieth (30th) day after service of the initial pleading setting forth the claims for relief upon which Plaintiff bases this action.

6. Plaintiff also names as defendants "DOES 1 through 100" in the complaint. PCL Construction is informed and believes, and on that basis alleges, that Plaintiff has caused none of the fictitiously-named defendants to be served with the summons and complaint in this action. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need not be joined in a removal petition).

## II. DIVERSITY JURISDICTION EXISTS IN THIS ACTION

7. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. section 1332, and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

### A. The Citizenship of the Parties is Diverse

8. For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### 1.    Plaintiff is a Citizen of California

9.    For diversity purposes, the citizenship of a natural person is determined by his/her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519-20 (allegation by party in state court complaint of residency created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise).  Plaintiff is a citizen of California, having resided and domiciled in Orange County, California at all relevant times during her employment with PCL Construction, as well as at the time that Plaintiff filed this action and that PCL Construction filed this Notice.  Exh. 1, Complaint, ¶ 1; *see also* Declaration of Shawn Britton ("Britton Decl."), filed concurrently with this Notice, at ¶ 3. Accordingly, Plaintiff is a <u>citizen</u>, <u>resident</u>, and <u>domiciliary</u> of the State of California.

### 2.    PCL Construction is a Citizen of the States of Colorado and Arizona

10.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  *See* 28 U.S.C. § 1332(c).  For the reasons set forth below, PCL Construction is not now, and was not at the time of the filing of the State Action, a citizen of the State of California.  *See* Britton Decl., ¶ 4.

11.    Rather PCL Construction is now, and, ever since this action commenced, has been incorporated under the laws of the State of Colorado, with its principal place of business in the State of Arizona.  *See* Britton Decl., ¶ 4; *see also*

Exh. 1, Complaint, ¶ 2.  Under the "nerve center test," a principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities").  Because PCL Construction's corporate headquarters and executive offices are located in Tempe, Arizona—where its high level officers direct, control, and coordinate the Company's activities—PCL Construction's principal place of business or "nerve center" is in Tempe, Arizona. *See id.*  Accordingly, PCL Construction is, and has been at all times since Plaintiff commenced this action, as well as the time that PCL Construction filed this Notice, a <u>citizen</u> and <u>resident</u> of the States of Colorado and Arizona.  *See id*.

### 3. The Citizenship of Doe Defendants Must Be Disregarded

12.    Pursuant to 28 U.S.C. section 1441(b)(1), the Court shall disregard the citizenship of defendants sued under fictitious names for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).  Thus, the existence of Doe Defendants 1-100, does not deprive this Court of jurisdiction.

13.    Accordingly, complete diversity of citizenship exists between Plaintiff and PCL Construction.

### B. <u>PCL Construction Need Only Show by a Preponderance of the Evidence That the Amount in Controversy Exceeds $75,000</u>

14.    While PCL Construction denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000.  Plaintiff alleges, *inter alia*, that during her employment with PCL Construction as a salaried employee, PCL Construction allegedly retaliated against her because she allegedly made complaints regarding workplace safety and wrongfully terminated her

DEFENDANT PCL CONSTRUCTION, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

63633580.v1-Ogletree

employment.  *See* Exh. 1, Complaint, generally.

15.     The amount in controversy is determined from the allegations or prayer of a complaint.  *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not show bad faith or out court of jurisdiction).  If a complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal.  *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997).

16.     The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in  controversy.  Pub. L. 112-63, Title II, § 205.  Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). See H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").  28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B).  Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

17.     The United States Supreme Court has held that, "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart, 135 S. Ct.

63633580.v1-Ogletree

at 554 (emphasis added).  The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal … must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

18.    To meet this relatively low evidentiary burden, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy").  Such calculations are more than sufficient to establish the amount in controversy.  *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can … be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

19.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorney fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize

DEFENDANT PCL CONSTRUCTION, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

63633580.v1-Ogletree

that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007). PCL Construction needs only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

**1.** **Plaintiff's Potential Lost Earnings (Back and Front Pay) Alone Exceed the Jurisdictional Minimum for Diversity Removal**

20. Here, Plaintiff alleges that, on August 7, 2023, PCL Construction wrongfully terminated her employment. *See* Exh. 1, Complaint, ¶ 15. Plaintiff also alleges that she "has suffered and will continue to suffer economic damages, including lost wages and benefits, and other compensatory damages…." *Id*. at ¶¶ 20, 27, 35, Prayer for Relief, ¶ 2(a).

21. Back pay. Plaintiff's claim for lost earnings specifically includes lost back pay. *Id*. At the time of Plaintiff's alleged wrongful termination on August 7, 2023, Plaintiff was earning an annual base salary of $85,000.00. *See* Britton Decl., ¶ 3. Through the date of this removal (August 21, 2024), Plaintiff has not worked for PCL Construction for more than fifty-four (54) weeks. Given Plaintiff's annual base salary of $85,000, Plaintiff was earning approximately $1,634.62 per week. *Id.* Thus, she allegedly lost **$88,269.48** ($1,634.62 average weekly pay x 54 weeks) in wages as of August 7, 2023. That amount alone exceeds the $75,000 jurisdictional requirement.

22. The trial in this case will likely not occur until August 2025 (i.e., one year after the date that this matter is removed). Thus, by the time of trial, Plaintiff will likely seek an additional two years, or 104 weeks of back pay [that is, from

63633580.v1-Ogletree

August 7, 2023 to at least August 7, 2025] in the amount of **$170,000.48** ($1,634.62 average weekly pay x 104 weeks). *See* Britton Decl., ¶ 3.

23. <u>Front pay</u>. In addition to back pay, Plaintiff also seeks lost future wages. *Id*. at ¶¶ 20, 27, 35, Prayer for Relief, ¶ 2(a). A plaintiff who successfully alleges wrongful termination of employment generally seeks an award of front pay. *See, e.g.*, *Cassino v. Reichhold Chemicals, Inc*., 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement under the Age Discrimination in Employment Act); *Secru v. Laboratory Corp. of America*, WL 3755763, at *2 n.3. (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc*., 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also, Crum v. Circus Circus Enters*., 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy). Here, even conservatively estimating that at the time of trial in mid- to late-August 2025, Plaintiff will seek two years or another 104 weeks of front pay [that is, from August 2025 through at least August 2027], Plaintiff's lost earnings for that two year period are another **$170,000.48** ($1,634.62 average weekly pay x 104 weeks). *See* Britton Decl., ¶ 3.

24. Thus, based on Plaintiff's allegations, her lost wages alone are approximately **$428,270.44** ($258,269.96 in back pay by the time of the estimated trial date + $170,000.48 in front pay for the two year period after the time of trial)—an amount in controversy that far exceeds the minimum required for diversity jurisdiction.

### 2. Plaintiff's Emotional Distress Damages Claims Also Exceed the Jurisdictional Minimum for Diversity Removal

25. Plaintiff also seeks general, non-economic damages, including for emotional distress. *See* Exh. 1, Complaint, ¶¶ 21, 22, 28, 29, 36, 37, Prayer for

9

Relief, ¶ 2(a).  Although PCL Construction denies any liability to Plaintiff alleged emotional distress, these damages must be included when calculating the amount in controversy.  *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. May 12, 1999) (emotional distress damages "may be considered in the amount in controversy").  A review of jury verdicts in California demonstrates that emotional distress awards in retaliation cases commonly exceed $75,000.

    a.  *Bralock v. American University of Health Sciences, Inc., et al.*, No. BC614955, 2021 WL 2110120019 (Cal. Super. Sept. 27, 2021) (whistleblower retaliation action where plaintiff awarded $250,000 for pain and suffering);

    b.  *Camp v. Los Angeles Unified Sch. Dist.,* No. B673403, 2021 WL 5824776 (Cal. Super. Nov. 8, 2021) (plaintiff awarded $2,500,000 for pain and suffering in whistleblower retaliation action);

    c.  *Faye v. Los Angeles Unified Sch. Dist*., No. 21STCV22368, 2024 WL 3339535 (Cal. Super. Mar. 20, 2024) (FEHA action for disability retaliation and discrimination, where plaintiff awarded $750,000 for past loss of enjoyment of life, mental suffering, and emotional distress in matter involving retaliation);

    d.  *Sosa v. Comerica Bank et al.,* No. BC675252, 2023 WL 8642072 (Cal. Super. Nov. 16, 2023) ($12,000,000 for past noneconomic damages for matter involving retaliation, gender discrimination, and failure to prevent discrimination or harassment);

    e.  *Murphy v. Curtis Sand & Gravel, et al.*, No. 20STCV34617, 2023 WL 11845223 (Cal. Super. June 1, 2023) (plaintiff awarded $220,000 for past noneconomic damages for claims involving FEHA retaliation and hostile work environment);

    f.  *Turner-Odom v. Los Angeles Comm. College Dist., et al.*, No. BC724401, 2022 WL 22271503 (Cal. Super. Oct. 21, 2022) (FEHA

DEFENDANT PCL CONSTRUCTION, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

63633580.v1-Ogletree

retaliation matter where plaintiff was awarded $8,500,000 for past and future mental suffering and emotional distress in retaliation matter); and

g. *Cordero v. Catwalk to Sidewalk Inc.*, No. VC0666042, 2019 WL 5197104 (Cal. Super. Sept. 25, 2019) ($160,000 awarded to employee for pain and suffering for claims involving FEHA retaliation and wrongful discharge in violation of public policy).

26. Plaintiff's allegations that PCL Construction retaliated against her for protected activity and allegedly wrongfully terminated her are similar to both the factual and legal issues raised in the cases above. Given each of Plaintiff's allegations, when measured in light of the allegations and damages in the cases cited above, even from a conservatively measured standpoint, Plaintiff's prayer for emotional distress damages demonstrates that, at the time of removal, the amount in controversy exceeds $75,000.

### 3. Plaintiff's Requests for Punitive Damages and Attorney Fees Also, On Their Own, Exceed the Jurisdictional Minimum for Diversity Removal

27. Plaintiff claims that she is entitled to punitive damages. *See* Exh. 1, Complaint, ¶¶ 23, 30, 38, Prayer for Relief, ¶ 2(c). Although PCL Construction denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs'"). An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Sup. Crt., Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case); *see also Colucci v. T-Movile USA, Inc.*, 48 Cal.App.5th 442, 459 (2020) (awarding $1,530.063 in punitive damages in a workplace retaliation case).

28.    Plaintiff also seeks attorney fees.  *See* Exh. 1, Complaint, Prayer for Relief, ¶ 2(f).  Although PCL Construction denies any liability to Plaintiff for attorney fees, claims for attorney fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorney fees included in determining jurisdictional amount).

## III.    THIS REMOVAL IS PROPER

29.    The aggregation of Plaintiff's potential economic and special damages, general and emotional distress damages, punitive damages and attorney fees is sufficient evidence that, "more likely than not," the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) *opinion amended and superseded on denial of reh'g*, 102 F.3d 398 (9th Cir. 1996). Based upon the allegations contained in Plaintiff's Complaint, PCL Construction is informed and believes that Plaintiff seeks damages far exceeding $75,000, which is within the jurisdictional authority of this Court.

30.    Since diversity of citizenship exists between the Plaintiff and PCL Construction, and the matter in controversy between the parties is in excess of $75,000, exclusive of interests and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## IV.    PLEADINGS AND PROCESS

31.    <u>Parties</u>:  PCL Construction brings this Notice of Removal on its own behalf.

32.    <u>Pleadings</u>:  In compliance with 28 U.S.C. section 1446(a), true and

12

Case No. 8:24-cv-1827

correct copies of all process, pleadings, and orders served in this action, including the summons, complaint, and answer, are attached to this Notice as Exhibits 1 to 3.

33.    Proper Court and Intradistrict Assignment:  Removal to this Court is proper under 28 U.S.C. section 1441(a) because Orange County Superior Court is geographically located within this Court's district and division.

34.    Notice: PCL Construction is serving a copy of this Notice on all adverse parties and a notice will be filed with the clerk of Superior Court of California for the County of Orange pursuant to 28 U.S.C. § 1446(d).

35.    Signature:  This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

36.    By removing on the basis of diversity jurisdiction, PCL Construction does not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages.  PCL Construction denies the material allegations contained in the Complaint, generally and specifically.

## V.    **PRAYER FOR REMOVAL**

WHEREFORE, PCL Construction respectfully requests that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further requests that this Court issue all necessary orders and process and grant such other and further relief as in law and justice that PCL Construction may be entitled to receive.

DATED: August 20, 2024                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Quynh Vi Stephanie Le
        Hardy R. Murphy
        Quynh Vi Stephanie Le

Attorneys for Defendant
PCL CONSTRUCTION, INC.

13                                    Case No. 8:24-cv-1827